UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Federal National Mortgage Association,

       Plaintiff,

v.                                                             Civil No. 13-2906 (JNE/JSM)
                                                             ORDER

Mee Xiong, See Yang Xiong,
John Doe, and Mary Roe,

       Defendants.

---

      This eviction action was brought by Plaintiff Federal National Mortgage Association (FNMA, or Fannie Mae) in Minnesota state court. Defendant Mee Xiong removed the case to this Court through her attorney, William B. Butler,[1] and brought counterclaims against FNMA. FNMA subsequently moved to dismiss Mee Xiong's counterclaims, for summary judgment against Mee Xiong, and for default judgment against See Yang Xiong.

      On February 14, 2014, the Honorable Janie S. Mayeron, United States Magistrate Judge, issued a Report and Recommendation in which she recommends that the Court decline to adjudicate the motions, abstain from hearing the case, and remand it to Minnesota state court. ECF No. 19. No objections were filed.

      Having conducted a de novo review of the record, *see* D. Minn. LR 72.2(b), the Court adopts the Report and Recommendation, and elaborates on it in one respect. In explaining her recommendation, the Magistrate Judge noted that Mee Xiong may not have had a proper

---

[1] Butler was suspended from the practice of law before the United States Court of Appeals for the Eighth Circuit on December 26, 2013. *In re Butler*, No. 13-9013 (8th Cir. Dec. 26, 2013). Consequently, Butler was automatically suspended from the practice of law before this Court, effective December 26, 2013. *See* D. Minn. L.R. 83.6(b)(1); *In re Butler,* Misc. No. 13-49 (MJD), ECF No. 10 (D.Minn. Jan. 14, 2014).

jurisdictional basis for removal, but declined to take a position on the issue, reasoning that it is not determinative here because abstention would be warranted even if the Court were to have subject matter jurisdiction.[2]  Report and Recommendation, ECF No. 19 at 3.  Nevertheless, the Eighth Circuit has recently reiterated in a similar case in which it affirmed an order abstaining and remanding an eviction action to Minnesota state court that a district court "may not assume hypothetical jurisdiction to decide contested questions of law when its jurisdiction is in doubt." *Fed. Home Loan Mortg. Corp. v. Briggs*, No. 13-3197, 2014 WL 750256, at *1 n. 2 (8th Cir. Feb. 27, 2014) (quoting *Pub. Sch. Ret. Sys. of Mo. v. State St. Bank & Trust Co.*, 640 F.3d 821, 825 (8th Cir. 2011)).  The district court is obliged to consider sua sponte whether it has subject matter jurisdiction in every case.  *See Clark v. Baka*, 593 F.3d 712, 714 (8th Cir. 2010) (per curiam).

      Here, in removing the case from state court, Mee Xiong asserted that this Court "has jurisdiction over this matter under 12 U.S.C. § 1452 because [FNMA] is a federal agency within the meaning of 12 U.S.C. § 1452(2)(f)."  Notice of Removal, ECF No. 1 at 1-2.  That provision, however, is the charter of the Federal Home Loan Mortgage Corporation (Freddie Mac), not Fannie Mae; that Congress granted the district courts original jurisdiction over cases in which Freddie Mac is a party does not necessarily dictate that the district courts have original jurisdiction over cases – like this one – involving Fannie Mae.  Indeed, as the Magistrate Judge noted, courts are split over whether Fannie Mae's charter at 12 U.S.C. § 1723a confers original jurisdiction on the district courts.  Report and Recommendation, ECF No. 19 at 3 n. 2 (listing cases).

---

[2]    Indeed, all roads lead to remand: If the Court does not have subject matter jurisdiction, remand to state court would be required pursuant to 28 U.S.C. § 1447(c).

In this case and on this record, the Court concludes that it does have subject matter jurisdiction. *See Pirelli v. Armstrong Tire Corp. Retiree Med. Benefits Trust v. Raines*, 534 F.3d 779, 785-86 (D.C. Cir. 2008). Furthermore, for the reasons articulated in the Magistrate Judge's Report and Recommendation, the Court will abstain and remand this action to the Minnesota state court from which it came. *See Briggs*, 2014 WL 750256, at *1 (affirming abstention based on identical considerations).

Based on the files, records, and proceedings herein, and for the reasons discussed above, IT IS ORDERED THAT:

1. This action is REMANDED to the Ramsey County District Court/Second Judicial District of the State of Minnesota.

2. The Clerk of Court shall mail a certified copy of this Order to the Clerk of the Ramsey County District Court/Second Judicial District of the State of Minnesota.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March 13, 2014                                  s/Joan N. Ericksen
                                                       JOAN N. ERICKSEN
                                                       United States District Judge